UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE INDIANA

| | |
|---|---|
| JILL L. TREAT, CODY W. TREAT and TIFFANY L. JOHNSON,  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>TOM KELLEY BUICK PONTIAC GMC, )<br>INC., d/b/a KELLEY SUPERSTORE, )<br>KELLEYAUTOMOTIVE GROUP, INC., )<br>and DANIEL HENDERSON,  )<br>)<br>Defendants.  ) | Case No.  1:08-cv-0173-WCL-RBC |

**KELLEY DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STRIKE EVIDENTIARY SUBMISSIONS OF PLAINTIFF CODY TREAT SUBMITTED IN OPPOSITION TO KELLEY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Tom Kelley Buick Pontiac GMC, Inc. ("TKBPG") and Kelley Automotive Group, Inc. (together, "Kelley Defendants"), submit their Brief in Support of their Motion to Strike Evidentiary Submissions of Plaintiff Cody Treat Submitted in Opposition to Kelley Defendants' Motion for Summary Judgment.

**I.      INTRODUCTION**

Kelley Defendants set forth herein evidentiary issues with Treat's summary judgment opposition, including defects in evidence submitted via affidavit. Federal Rule 56(e) provides:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. . . .

Fed. R. Civ. P. 56(e) (2009 ed.)  Because the affidavit evidence identified herein does not meet the requirements of the Federal Rules, it must be stricken.

II. **ARGUMENT**[1]

    A. **References to Jill Treat's October 11, 2006, E-Mail to Henderson Must Be Stricken.**

On pages 4 and 6 of his Brief (Docket No. 109) and page 3, (A)(13) of his Genuine Issues of Fact (Docket No. 109-2), Treat refers to an e-mail allegedly sent by Jill Treat to Henderson on October 11, 2006 in which Treat claims that Jill Treat addressed various issues relating to a telephone conversation with Henderson. (Exhibit J to his Designation) However, nowhere does Treat authenticate the e-mail in his opposition.[2] Documentary evidence is admissible if authenticated "by evidence sufficient to support a finding that the matter in question is what the proponent claims." Fed. R. Evid. 901(a). The e-mail is not authenticated by either Jill Treat or Henderson, and cannot be used to oppose summary judgment. Further, Treat's conclusory statements about the content of the e-mail must be stricken, because it constitutes inadmissible hearsay. Such a statement is an out-of-court statement offered for the truth of the matter asserted and thus inadmissible. Fed. R. Evid. 801 and 802. Therefore, such references to the e-mail must be stricken.

    B. **Jill Treat's "Calculation" for July, August and September 2006 Pay attached to Jill Treat Affidavit, and Cody Treat's Reference to the Same, Must Be Stricken.**[3]

In his Affidavit, Treat states that based upon his comparison of Deal Recaps to the monthly report, he "learned that many of the Special Finance Department deals had not been included in calculating my wages." (Cody Treat Aff., ¶ 20) Treat then refers to the supporting documents attached to Jill Treat's Affidavit. In their Affidavits, both Jill Treat and Cody Treat swear and affirm that the information in their Affidavits is "based on my personal knowledge."

---

[1] The documents cited herein are attached as Exhibit 1.
[2] Interestingly, Jill Treat's summary judgment opposition materials make no mention of such e-mail.
[3] This section also discusses the admissibility of Genuine Issue of Fact(D)(19), (20) and (25). (Docket No. 109-2)

2

(Jill Treat Aff., ¶ 1; Cody Treat Aff., ¶ 1)  In her Affidavit, Jill Treat proceeded to create her own calculations of her pay, and attached them to her Affidavit.  (Docket No. 108-2, pp. 18-20)  However, neither Jill Treat's nor Cody Treat's job description included calculating the amount of commissions to be paid, nor did they include determining the universe of sales from which commissions could be paid in a given month.  (Jill Treat Dep., p. 114, Ex. 6; Cody Treat Dep., p. 58, Ex. 21)  Rather, the Accounting Department received the deal recaps and performed whatever corrections needed to be made to determine sales and commissions.  (Naylor Dep., pp. 2-3)  The deal recaps themselves were "useless" to identify profit from sales.  (Thelen Dep., pp. 52-53)  Gary Thelen, unlike Treat, was TKBPG's Chief Financial Officer ("CFO") and responsible for the Accounting Department.  (Thelen Dep., pp. 3, 56)  As such, Thelen, unlike the Treats, can provide competent, admissible evidence of commission calculation.  The fact that Cody Treat reviewed the deal recap documents that were dated on a certain date does not provide admissible evidence that such sales were completed, correct, or even ripe for commission payment.  Therefore, the Treats are not competent to provide the testimony offered and Jill Treat's calculations cannot be considered admissible evidence at summary judgment.

      C.    **Johnson's Affidavit Must Be Stricken.**

Johnson's Affidavit, submitted as Exhibit 5 to Treat's Designation of Evidence (Docket No. 110) must be stricken because it is neither sworn nor does it subject Johnson to the penalties of perjury.  *DeBruyne v. Equitable Life Assur. Soc'y*, 920 F.2d 457, 471 (7th Cir. 1990).  *See also* 28 U.S.C. § 1746.  "[U]nsworn statements submitted in opposition to summary judgment are commonly stricken or ignored."  *Koch v. Convenience Industry Associates, LLC*, Case No. 1:05-cv-1753-LJM-WTL, 2007 WL 2479588 at *1 (S.D. Ind. Aug. 29, 2007) (striking unsworn statements attached to an affidavit) (citing *Gilty v. Village of Oak Park*, 919 F.2d 1247, 1255

n.13 (7th Cir. 1990)). Johnson's bare signature appended to the end of a document entitled "Affidavit of Tiffany L. Johnson" does not comport with Seventh Circuit requirements for affidavits, and such must be stricken in its entirety, including every reference to such Affidavit in Treat's Brief, Designation and Genuine Issue of Facts.

### III.   CONCLUSION

Kelley Defendants seek exclusion of the above-referenced items from the summary judgment record, due to Treat's failure to comport with Federal Rule of Civil Procedure 56. Kelley Defendants respectfully request that the Court STRIKE the above-referenced portions of Treat's opposition materials, and all other proper relief.

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

s/ Bonnie L. Martin
Brandon M. Shelton, #21086-49
Bonnie L. Martin, #20248-18
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
(317) 916-1300
Fax: (317) 916-9076
Email: brandon.shelton@ogletreedeakins.com
         bonnie.martin@ogletreedeakins.com

Attorneys for Kelley Defendants, Tom Kelley Buick Pontiac GMC, Inc., d/b/a Kelley Superstore, and Kelley Automotive Group, Inc.

4

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been filed electronically, this 4th day of February, 2010. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Jack R. Rochyby, Esq.
> Sara Rochyby, Esq.
> ROCHYBY, SPIELMAN & FLORA, LLP
> jrochyby@choiceonemail.com
>
> Robert D. Moreland, Esq.
> BAKER & DANIELS LLP
> robert.moreland@bakerd.com

>                    s/ Bonnie L. Martin

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: (317) 916-1300
Facsimile: (317) 916-9076

8175788.1 (OGLETREE)

5