UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JILL L. TREAT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL NO. 1:08cv173 |
| ) | |
| TOM KELLEY BUICK PONTIAC GMC, ) | |
| INC., d/b/a KELLEY SUPERSTORE, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on a "Motion to Reconsider Grant of Kelley Defendants' Motions to Strike and Kelley Defendants' Motions for Summary Judgment", filed by the plaintiffs, Jill L. Treat and Cody W. Treat, on May 28, 2010. The defendants filed a response to the motion on June 14, 2010, to which the plaintiffs replied on June 24, 2010.

Also before the court is a "Motion to Stay", filed by the plaintiffs on June 25, 2010. The defendants responded to the motion on July 6, 2010 to which the plaintiffs replied on July 16, 2010.

For the following reasons, both of the motions will be denied.

Discussion

On April 30, 2010, this court entered a 25-page order granting the defendants' motion for summary judgment and motion to strike. In their current motion to reconsider, the plaintiffs' request that the court reconsider whether their wage claims are covered by the Indiana Wage Payment Statute. The plaintiffs claim that McCausland v. Walter USA, Inc., 918 N.E. 2d 420 (Ind. Ct. App. 2009), a case they failed to cite in any of their previous briefs before this court, is dispositive of the issue raised in the defendants' motion for summary judgment. The plaintiffs

also request that the court reconsider its ruling striking portions of Jill Treat's Affidavit and supporting documentation.

Finally, the plaintiffs request that this court stay this matter pending the ruling of the Indiana Court of Appeals in <u>Hollis v. Defender Security Co.</u>, Cause No. 49A02-1004-PL-00464, arguing that the pending ruling in that case will be dispositive of the Wage Claim issue in the present case.

In disposing of the wage claims in the order dealing with the motion for summary judgment, this court stated as follows:

> ```
> The next issue before the court concerns Mr. Treat's
> Indiana Wage Claim. In Indiana, an employee who seeks
> to bring a claim for wages under state law must proceed
> via the Indiana Wage Payment Statute (IC 22-2-5 et
> seq.)¹ or the Wage Claims Statute (IC 22-2-9 et seq.)².
> ```

---

[1] IC 22-2-5-1 provides:

> (a) Every person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee. The payment shall be made in lawful money of the United States, by negotiable check, draft, or money order, or by electronic transfer to the financial institution designated by the employee. Any contract in violation of this subsection is void.
>
> (b) Payment shall be made for all wages earned to a date not more than ten (10) business days prior to the date of payment. However, this subsection does not prevent payments being made at shorter intervals than specified in this subsection, nor repeal any law providing for payments at shorter intervals. However, if an employee voluntarily leaves employment, either permanently or temporarily, the employer shall not be required to pay the employee an amount due the employee until the next usual and regular day for payment of wages, as established by the employer. If an employee leaves employment voluntarily, and without the employee's whereabouts or address being unknown to the

In <u>Steele</u>, cited by the Kelley Defendants, the [Indiana Supreme Court] held that:

> Although both the Wage Claims Statute and the Wage Payment Statute set forth two different procedural frameworks for wage disputes, each statute applies to different categories of claimants. The Wage Claims Statute references employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute. I.C. § 22-2-9-2(a), (b). By contrast, the Wage Payment Statute references current employees and those who have voluntarily left employment, either permanently or temporarily. I.C. § 22-2-5-1(b). Because Dr. Steele was a current employee of St. Vincent at the time of the wage dispute, he proceeded correctly under the Wage Payment Statute.

In <u>Harney</u>, cited by Mr. Treat, the District Court for the Southern District of Indiana stated:

---

employer, the employer is not subject to section 2 of this chapter until:

(1) ten (10) business days have elapsed after the employee has made a demand for the wages due the employee; or

(2) the employee has furnished the employee's address where the wages may be sent or forwarded.

[2]IC 22-2-9-2 provides:

(a) Whenever any employer separates any employee from the payroll, the unpaid wages or compensation of such employee shall become due and payable at regular pay day for pay period in which separation occurred: Provided, however, That this provision shall not apply to railroads in the payment by them to their employees.

(b) In the event of suspension of work, as the result of an industrial dispute, the wages and compensation earned and unpaid at the time of such suspension shall become due and payable at the next regular pay day, including, without abatement or reduction, all amounts due all persons whose work has been suspended as a result of such industrial dispute.

3

> The Wage Payment Statute, Indiana Code § 22-2-5-1 et seq., provides employees the right to receive wages in a timely fashion. See St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele, 766 N.E.2d 699, 703 (Ind. 2002). The Wage Payment Statute requires that an employer pay its employees' wages within ten days of the date that they are earned and provides for damages against those employers who fail to do so. See Ind.Code §§ 22-2-5-1 and -2; Naugle v. Beech Grove City Schs., 864 N.E.2d 1058, 1066-69 (Ind. 2007). By its terms, it only applies to current employees or those who voluntarily terminate their employment. See Ind.Code §22-2-5-1; Steele, 766 N.E.2d at 705.
>
> The Wage Claims Statute, Indiana Code § 22-2-9-1 et seq., describes how disputes about the amount of wages due are resolved and requires that unpaid wages or compensation of a discharged employee are "due and payable at regular pay day for the pay period in which separation occurred." See Ind.Code § 22-2-9-2-(a); Steele, 766 N.E.2d at 704. Unlike the Wage Payment Statute, the Wage Claims Statute only applies to employees who have been discharged or suspended from work because of an industrial dispute. See Steele, 766 N.E.2d at 705.
>
> Based on the differences in these two statutes, it is clear that Greiner's claims arise only under the Wage Payment Statute because she voluntarily terminated her employment with Speedway. In fact, she has now conceded as much. See Pls.' Sur-Reply at 2, n. 1. With respect to Harney and DeBord, both of whom were discharged, the answer cannot be so easily categorized. However, the Court concludes that (1) their claims for bonuses that they did not receive are governed by the Wage Claims Statute, and (2) those bonuses that they did receive while still employed, but which were paid outside of the ten-day period, are governed by the Wage Payment Statute.

Because some of the claims of the discharged plaintiffs proceeded under the Wage Payment Statute instead of the Wage Claims Statute, Mr. Treat concludes that his wage

> claims should also be governed by the Wage Payment
> Statute. While this court believes that the Kelley
> Defendants' interpretation of the cases is more
> correct, as the cases clearly indicate that it is the
> status of the claimant that determines which statute
> applies, the court notes that even applying <u>Harney</u> as
> interpreted by Mr. Treat does not lead the court to his
> conclusion. That is, in <u>Harney</u>, the court held that the
> wage claims involving amounts that were not paid prior
> to the employees' discharge were governed by the Wage
> Claims Statute. It is clear that Mr. Treat is seeking
> to recover amounts that he was not paid (and is not
> merely arguing that he was not paid within the
> statutory ten-day period), and thus under any
> interpretation of the statutes, it is obvious that he
> should have proceeded under the Wage Claims Statute.
>
>       *    *    *
>
> Under the <u>Steele</u> analysis, the Wage Claims Statute
> applies to Mr. Treat's wage claims. As the Wage Claims
> Statute requires that he file a claim with the IDOL,
> and he did not do so, the court will grant summary
> judgment in favor of the Kelley Defendants on his wage
> claims.

In their current motion to reconsider, the plaintiffs claim that <u>McCausland</u> became the first Indiana appellate court to address which Wage and Hour Act applies to wage claims that arise during the course of employment and are filed following the involuntary separation of employment of the wage claimant. In <u>McCausland</u>, the Indiana Court of Appeals stated, in <u>dicta</u>, that:

> Walter claims that McCausland may not bring any claims under the Wage
> Payment Statute because he was fired. However, McCausland's claims concern
> the alleged untimely payment of commissions, bonuses and vacation pay that he
> received while still employed with Walter and unpaid commissions he did not
> receive after his termination. Therefore, we conclude that he properly brought
> claims under both the Wage Payment Statute and the Wage Claims Statute.

918 N.E.2d at 424 n.2.

The plaintiffs thus argue that when a cause of action accrues, rather than the status of the claimant, determines the appropriate statute pursuant to which a claimant is to bring suit. While

5

not attempting to directly contradict the holding in Steele, the plaintiffs argue that the defendants have misinterpreted "wage dispute" to mean filing a complaint versus the time when the dispute arose. The plaintiffs argue that their wage disputes arose while they were still employed and thus the Wage Payment Statute applies.[3] However, even assuming the plaintiffs have correctly interpreted the application of the statutes, they have not presented any evidence that they disputed their wages while still employed. While they may have questioned whether they were receiving all that was due to them, there is no evidence that they approached higher management with their concerns.

According to the plaintiffs, the Wage Payment Statute explicitly governs all wages earned during the course of employment and the Wage Claims Statute by its terms only applies to wages earned during the pay period in which the employee is fired and all wages that become due and owing at termination like vacation wages. The plaintiffs conclude that whether wages earned during the course of employment are paid late or not paid at all, the Wage Payment Statute and not the Wage Claims Statute, governs the cause of action.

However, the plaintiffs' conclusion is thwarted by the very language of the Wage Claim Statute which states that "[w]henever any employer separates any employee from the payroll, the <u>unpaid wages or compensation</u> of such employee shall become due and payable at regular pay day for pay period in which separation occurred...." The Wage Claim Statute does not limit the

---

[3] In its previous order, this court dealt with this issue briefly in its discussion of the plaintiffs' citation to <u>Anderson v. Northeast Otolaryngology, P.C.</u>, 2006 WL 2331142 (S.D. Ind.), which was cited for the proposition that a wage claim accrues on the date an employee is not paid the amounts due and thus this date should be used to determine which statute applies. This court noted therein that "this interpretation would render the Wage Claims Statute practically useless, as nearly all claims for wages arise while a person is employed." April 30, 2010 Order at p. 21.

"unpaid wages or compensation" to only the earnings of the last pay period before termination. Thus, it follows that <u>all</u> unpaid wages at the date of termination, regardless of when actually earned, are subject to the Wage Claim Statute.

While the plaintiffs' arguments make some sense, they are not supported by the current caselaw. As noted by the defendants, dicta in a footnote of an appellate opinion is hardly the stuff that leads to the granting of motions to reconsider. Considering the current status of the caselaw, this court will continue to rely upon the Indiana Supreme Court's interpretation of the statutes as set forth in <u>Steele</u>, which explicitly states that the two statutes set forth different procedural frameworks and "each statute applies to different categories of claimants." 766 N.E.2d at 705.

The plaintiffs have also requested that the court reconsider its holding striking portions of Jill Treat's Affidavit and the documents entitled "Jill Treat's Calculations", and the documents supporting the calculations. In its order, this court stated:

> Ms. Treat does not explain how she knew which deal recaps to include in the wage calculation. She seems to assume that every one of them should have been included, but she does not direct the court to any evidence that this is the case. As there is no evidence that she has personal knowledge of how to calculate wages and commissions, this portion of her affidavit and the accompanying calculations she has presented will be stricken.

In her current motion, Ms. Treat again states that "she was aware of how her wages were to be calculated" and that "she is competent to present evidence on whether all of the deals she should have been paid commission on were actually included . . . ." However, as this court noted in its earlier order, the admissible evidence demonstrates that the Accounting Department, and not Ms. Treat, was responsible for determining which deals were to be considered for commission purposes. Accordingly, the court will not alter its ruling with respect to the motion to strike.

7

Ms. Treat has also requested the court, in the alternative, to reconsider her wage claim for September, 2006. Ms. Treat claims that Dan Henderson testified that she was not paid all her wages because she received "all she earned", and thus she is entitled to unpaid wages of $2,836.56 for the month of September 2006. (Henderson Dep. at 132, 133).

The defendants, in response, put Henderson's testimony in context by pointing out that when asked who would have made the decision of the amount of commissions Jill Treat was entitled to receive, Henderson testified that, after reviewing all of the documents with accounting department employee Billie McKinney, Henderson and McKinney determined what Jill Treat earned for September 2006. (Henderson Dep. at 132-33). Henderson also testified that his pay would have differed because he received a sign-on bonus that was paid in installments. (Henderson Dep. at 127-28, 140). Additionally, Henderson testified that he did not have knowledge of whether Ms. Treat's and his bonuses should match up otherwise because it was not his job to "pay people at the Kelley Automotive Group". (Henderson Dep. at 140). In any event, as the defendants note, Henderson is not an Accounting Department employee and is not competent to testify as to the amount of wages and bonuses employees should have been paid. Accordingly, the court will not change its opinion regarding Ms. Treat's claim for unpaid wages for the month of September 2006.

This brings the court to the plaintiffs' motion to stay. The plaintiffs request that this case be stayed pending the ruling of the Indiana Court of Appeals in <u>Hollis v. Defender Security Co.</u>, Cause No. 49A02-1004-PL-00464, which is an interlocutory appeal pursuant to Appellate Rule 14(B). The plaintiffs state that in <u>Hollis</u>, on February 16, 2010, the Trial Court entered an interlocutory order granting the employer's Motion to Dismiss the wage claims of Mr. Hollis, a

terminated employee, because he had brought claims against the employer pursuant to the Wage Payment Statute instead of seeking a referral from the Indiana Department of Labor and proceeding pursuant to the Wage claims Statute. On June 4, 2010, the Indiana Court of Appeals accepted jurisdiction of the interlocutory appeal. The plaintiffs claim that once the Indiana Court of Appeals has ruled in Hollis, then this court will have "direct guidance" as to the proper ruling on the plaintiffs' motion to reconsider.[4]

The defendants, in response, deny that the Hollis ruling will be instructive in the present case. They note that in his Motion to Certify Interlocutory Order for Appeal in Hollis, Mr. Weldy stated the issue as:

> Whether Plaintiff, Mr. Hollis and all other involuntarily separated potential Class Members have the right to sue for violations of the Ten Day Rule, I.C. § 22-2-5-1(b), that accrued during their employment with Defendant pursuant to the Wage Payment Statute, I.C. § 22-2-5 et seq., is a succinct legal question that is ideal for an interlocutory appeal.

The defendants herein point out that the Ten Day Rule is not at issue in the present case. Rather, the issue is whether terminated employees can pursue their claims under the Wage Payment Statute. The defendants also note that the plaintiffs cannot predict whether the Court of Appeals will even issue a published opinion in Hollis.

This court finds the plaintiffs' position to be too tenuous to warrant the grant of a motion to stay, especially in light of the fact that it is uncertain when a decision will be forthcoming from the Court of Appeals.[5] Thus, the motion to stay will be denied.

---

[4] Plaintiffs' new counsel, Ronald Weldy, is counsel for both Mr. McCausland and Mr. Hollis.

[5] A review of the online docket in Hollis reveals that on July 29, 2010, the appellants filed a motion to extend appellate brief deadline and a motion to consolidate appeals. On August

Conclusion

On the basis of the foregoing, the plaintiffs' motion to reconsider [DE 157] and motion to stay [DE 162] are both hereby DENIED.

Entered: August 16, 2010.

s/ William C. Lee
William C. Lee, Judge
United States District Court

---

9, 2010, the Court of Appeals indicated that "briefing in this matter shall be held in abeyance pending resolution of the motion to consolidate appeals."